IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ROBERT MEJIA,**

        **Petitioner,**

**v.**                              **Civil Action No. 1:18-cv-01321**

**BARBARA RICKARD, WARDEN,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's Petition for a Writ of Habeas Corpus, (ECF No. 1), and Respondent's Response to Order to Show Cause and Motion to Dismiss or, in the Alternative, to Transfer, (ECF No. 8). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**; Petitioner's petition be **DENIED**; and that this action be **DISMISSED**, with prejudice, and **REMOVED** from the docket of the Court.

**I.**    **Relevant Procedural Background**

On September 27, 2010, Petitioner pled guilty in the United States District Court for the District of Maryland (the "Sentencing Court") to federal charges of conspiracy to cause interstate transportation of money obtained by fraud in violation of 18 U.S.C. § 371,

1

interstate transportation of money obtained by fraud in violation of 18 U.S.C. § 2314, and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Mejia*, No. 8:10-cr-00523-DKC (D. Md. Sept. 27, 2010), ECF Nos. 9, 59 at 1. On January 10, 2011, Petitioner was sentenced to 96 months of imprisonment. He contends that his sentence was enhanced because he had a prior federal conviction for simple assault, which the Sentencing Court determined to be a "crime of violence." According to Petitioner, this determination resulted in a six level increase in his offense level under Section 2K2.1(a)(4)(A) of the United States Sentencing Guidelines ("the Guidelines"). (ECF No. 1 at 1).

The Sentencing Court entered Petitioner's judgment the following day, on January 11, 2011, and Petitioner did not file a direct appeal. ECF No. 59 at 3. In 2016, Petitioner filed in the Sentencing Court a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Id.* at 1. The motion was supplemented on July 21, 2016 by an assistant federal public defender to add a claim based on the decision of the Supreme Court of the United States ("Supreme Court") in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In *Johnson*, the Supreme Court considered a portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), under which a person could receive more severe punishment if the person had at least three prior "violent felony" convictions. *Johnson,* 135 S. Ct. at 2555. In particular, the Supreme Court examined one clause of the ACCA, the "residual clause," which defined the term "violent felony" to include any crime punishable by imprisonment for a term exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Supreme Court found that the broad definition of "violent felony" contained in the ACCA's residual clause was unconstitutionally vague, because it left too much uncertainty

2

as to what acts and crimes would qualify as violent felonies. *Id.* at 2557-58. Therefore, the Supreme Court found that imposing an enhanced sentence by using the residual clause of the ACCA violated the Constitution's guarantee of due process. *Id.* at 2563. On April 18, 2016, the Supreme Court determined that the *Johnson* decision announced a new substantive rule that had retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Thus, based on the *Johnson* decision, Petitioner argued in his § 2255 motion that his prior conviction for simple assault was improperly classified as a crime of violence under § 4B1.2(a)(2) of the Guidelines, because that guideline provision contained the same language as the ACCA's residual clause, which was found to be unconstitutionally vague. *Mejia*, No. 8:10-cr-00523-DKC (D. Md. June 5, 2018), ECF No. 59 at 2. Petitioner argued that he was improperly sentenced as a career offender and his sentence should be vacated. *Id.*

On March 6, 2017, during the pendency of Petitioner's § 2255 motion, the Supreme Court issued a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which directly addressed the constitutionality of the residual clause in § 4B1.2(a)(2) of the Guidelines given the *Johnson* decision striking down the same clause in the ACCA. The Supreme Court concluded that the residual clause in the Guidelines was not unconstitutionally vague, explaining that "[u]nlike the ACCA … the advisory Guidelines do not fix the permissible range of sentences." *Beckles*, 137 S. Ct. at 892. Rather, the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* As such, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id.*

3

Accordingly, Petitioner's public defender filed a notice of dismissal on April 24, 2017, withdrawing the *Johnson* claim from Petitioner's § 2255 motion. *Mejia*, No. 8:10-cr-00523-DKC (D. Md. June 5, 2018), ECF No. 59 at 3. The Sentencing Court ruled on Petitioner's remaining § 2255 claims, concluding that such claims were untimely, as Petitioner's judgment became final on January 25, 2011, yet Petitioner did not seek relief until 2016. *Id.* at 3-4.

On September 24, 2018, Petitioner filed the instant *pro se* motion under § 2241 in this Court while he was incarcerated in this judicial district. (ECF No. 1). Petitioner again argues that his sentence should be vacated based on *Johnson*. (*Id.*). He also references the Supreme Court's decisions in *United States v. Descamps,* 133 S.Ct. 2276 (2013); *Mathis v. United States*, 136 S. Ct. 2243 (2016); and "Dimaya v. United States," which presumably refers to *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (*Id.* at 2-4).

In response to Petitioner's § 2241 motion, Respondent contends that Petitioner's claims are properly construed under § 2255, as Petitioner challenges the imposition of his sentence, rather than its execution. (ECF No. 8 at 3). Respondent asserts that Petitioner is procedurally barred from filing a § 2255 motion, because more than a year passed since his conviction became final and he does not show good cause why the time period should be extended under 28 U.S.C. § 2255(f). (*Id.*). In addition, Respondent points out that Petitioner already filed a § 2255 motion and cannot file another without permission from the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). (*Id.*). Respondent notes that, in Petitioner's previous § 2255 motion, he raised the same claims that he now asserts in this proceeding, although he voluntarily withdrew those claims while they were pending in the court that had proper jurisdiction. (*Id.*). Furthermore, Respondent argues that Petitioner cannot show that his remedy under § 2255 is

4

inadequate or ineffective such that he can utilize the savings provision of § 2255, because the substantive law concerning the legality of his sentence has not changed. (*Id*. at 3-4). Respondent states that there would be no purpose in transferring the case to the Fourth Circuit to seek pre-filing authorization for a second or successive § 2255 motion as Petitioner does not assert any potentially meritorious claim. (*Id*. at 5-6). Regarding Petitioner's *Johnson* claim, Respondent argues that Petitioner fails to show that the Sentencing Court relied on the residual clause in finding that his prior conviction was a crime of violence. (*Id*. at 6). As to Petitioner's *Descamps* claim, Respondent notes that the ruling does not apply retroactively on collateral review. (*Id*. at 7). For the above reasons, Respondent concludes that Petitioner's motion should be denied and the matter dismissed. (*Id*. at 8). In the alternative, Respondent asks the Court to transfer the matter to the Fourth Circuit for pre-filing authorization. *Id*.

## II.  Discussion

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his sentence, not its execution. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

The undersigned acknowledges that on rare occasions, issues reserved for motions under § 2255 may be raised in petitions for habeas relief filed under § 2241. The "savings clause," found at 28 U.S.C. § 2255(e), allows a § 2241 petition to take the place of a § 2255

motion when "§ 2255 proves inadequate or ineffective to test the legality of detention." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted). To trigger the savings clause, a petitioner challenging his sentence must show that all of the following factors exist: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Wheeler* criteria. *See Hood v. United States*, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014). The savings clause requirements are jurisdictional, rather than procedural. *Wheeler*, 886 F.3d at 426. Therefore, the court does not have jurisdiction to entertain the § 2241 petition if the *Wheeler* criteria are not met. *Id*.

Here, Petitioner does not establish the four *Wheeler* factors that would allow him to file a § 2241 habeas petition in place of a § 2255 motion. In particular, Petitioner cannot meet the second factor, because he fails to show any change in the substantive law pertaining to the legality of his sentence, which was made retroactive on collateral review. Petitioner argues that his sentence is unconstitutional under *Johnson*. However, Petitioner explicitly states that he was sentenced under the residual clause in the Guidelines, not the ACCA, which was the statute analyzed in the *Johnson* case. Although

6

*Johnson* has been extended to other statutes, it does not provide a basis to challenge Petitioner's career offender enhancement under the Guidelines. As mentioned, the Supreme Court unequivocally held in *Beckles* that because the Guidelines are advisory, rather than mandatory, the *Johnson* reasoning that the residual clause in the ACCA was unconstitutionally vague does not apply to defendants, like petitioner, who challenge their sentences under the residual clause in the Guidelines. *Beckles*, 137 S. Ct. at 892. Therefore, *Johnson* did not change the substantive law pertaining to the legality of Petitioner's sentence, and it is not a basis to invoke the savings clause. Moreover, *Johnson* was decided in 2016, yet Petitioner's instant petition was not filed until 2018. (ECF No. 1); 28 U.S.C. § 2255(f)(3) (stating that the § 2255 motion must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court"). Clearly, rather than asserting a newly-recognized right, Petitioner is attempting to advance the same *Johnson* claim that he already raised and voluntarily withdrew in his § 2255 motion in the Sentencing Court. In sum, *Johnson* does not allow Petitioner to meet the *Wheeler* criteria in order to pursue relief pursuant to § 2241 in this Court.

Petitioner references several other constitutional cases in his § 2241 petition. First, Petitioner cites *Descamps* and *Mathis*, which concerned the proper approach to determine whether a prior conviction for a crime of violence constituted a "felony crime of violence" under the ACCA. (ECF Nos. 1 at 2, 10 at 1). Even if such decisions were applicable to the facts of Petitioner's case, neither Supreme Court decision created a new substantive rule applicable to cases on collateral review. *Morris v. Masters*, No. 1:15-CV-04912, 2017 WL 9516602, at *4 (S.D.W. Va. Feb. 16, 2017), *report and recommendation adopted,* 2017 WL 1196654 (S.D.W. Va. Mar. 30, 2017), *aff'd,* 697 F. App'x 165 (4th Cir. 2017) (collecting cases stating that *Descamps* did not create a new rule of constitutional

7

law made retroactive to cases on collateral review); *Parham v. Meeks*, No. 5:17-CV-02016, 2018 WL 5541173, at *3 (S.D.W. Va. Oct. 4, 2018), *report and recommendation adopted,* 2018 WL 5499798 (S.D.W. Va. Oct. 29, 2018) (collecting cases stating that *Mathis* could not establish the basis for the savings clause because it created a purely procedural rule that was not retroactive to cases on collateral review). Therefore, neither *Descamps* nor *Mathis* allow Petitioner to utilize the savings clause to seek relief in this Court.

Petitioner also states that he would "like to bring to the [Court's] attention" the case of "Dimaya v. United States." (ECF No. 1 at 2). It appears that Petitioner refers to *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), in which "the Supreme Court invalidated the residual clause of the definition of crime of violence, found in 18 U.S.C. § 16(b) and incorporated into the Immigration and Nationality Act's definition of aggravated felony, 8 U.S.C. § 1101(a)(43)(F)." *Williams v. United States,* No. 5:14-CR-17-1H, 2019 WL 267908, at *1 (E.D.N.C. Jan. 18, 2019). However, Petitioner does not indicate how *Dimaya* applies to his case, as he makes no allegation that he was sentenced under such statute. The *Dimaya* holding did not concern the crime of violence definition in the Guidelines, not matter how similarly worded it may be to the language of 18 U.S.C. § 16(b). *Id.* Therefore, *Dimaya* simply did not change substantive law related to Petitioner's sentence, nor did it retroactively apply on collateral review to the issue raised by Petitioner concerning his career offender status under the Guidelines.

Given that Petitioner cannot meet the *Wheeler* criteria, his petition for habeas relief is properly construed as a § 2255 motion. Unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the prisoner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Therefore,

if this Court chooses to construe the petition as a § 2255 motion, then the matter must be transferred to the appropriate court, as this Court lacks jurisdiction over the action. By statute, "upon receiving a wrongfully filed petition in a civil action, a court 'shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.'" *United States v. McNeill*, 523 F. App'x 979, 983 (4th Cir. 2013) (quoting 28 U.S.C. § 1631). However, transfer of a petition that is filed in the incorrect court is not mandatory. *Id.* at 984. Rather, a district court retains the discretion to dismiss, rather than transfer, a petition that is frivolous or time-barred. *Id.*

In this case, Petitioner's action must be dismissed, rather than transferred to the proper court. To begin, the instant action was filed more than one year after Petitioner's conviction became final. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Reviewing the petition, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3, or 4 of § 2255(f). As the Sentencing Court found with respect to Petitioner's first §

2255 motion, Petitioner's judgment became final in January 2011 after the expiration of the period within which he could file a notice of appeal. Petitioner had one year from that date to file a § 2255 motion, but Petitioner did not file the instant action until 2018. Therefore, the petition was clearly filed after the expiration of the one-year limitation period.

Furthermore, Petitioner does not assert a basis for, nor does the record provide a basis for, equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (holding that equitable tolling should only be extended when a habeas petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (stating that the AEDPA statute of limitations can be tolled in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result."). Consequently, Petitioner's petition is very clearly untimely.

Additionally, Petitioner has not received authorization from the Fourth Circuit to file a second or successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), which would remove any benefit to be gained from a transfer to the Sentencing Court. The law is well-settled that a District Court lacks jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals. 28 U.S.C. § 2255(h); *see also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). In this case, Petitioner previously filed a § 2255 motion, which related to the same conviction and sentence that he presently challenges. His first § 2255 motion was denied on the merits, and Petitioner has not received authorization from the Fourth Circuit to

proceed with a second or successive § 2255 motion. *United States v. Hayes*, 352 F. Supp. 3d 629, 634 (W.D. Va. 2019) (collecting cases stating that dismissal based on the AEDPA one-year statute of limitation is a decision on the merits); *Rudisill v. United States*, No. 1:19-CV-00112-MR, 2019 WL 2252152, at *2 (W.D.N.C. May 24, 2019); *Farris v. Martin*, No. 3:18-CV-00068, 2018 WL 4346699, at *2 (N.D.W. Va. Aug. 22, 2018), *report and recommendation adopted,* 2018 WL 4343406 (N.D.W. Va. Sept. 11, 2018).

Although the Court lacks jurisdiction to address the merits of Petitioner's motion, the Court may exercise its authority under 28 U.S.C. ' 1631 to recharacterize the petition as a motion for pre-filing authorization and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. ' 1631 provides as follows:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Instead, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id*. A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *McNeill*, 523 F. App'x at 984 (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

For the Fourth Circuit to grant a petitioner's request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Petitioner's motion, the undersigned concludes that Petitioner has not set forth a potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. Petitioner offers no "newly discovered" evidence, nor is there a new rule of constitutional law applicable to his claim. As discussed, neither *Johnson, Descamps, Mathis,* nor *Dimaya* apply to the facts that he presents. Because the petition fails to allege a potentially meritorious claim, transfer to the Fourth Circuit is not "in the interest of justice."

For the foregoing reasons, the undersigned **FINDS** that this Court lacks jurisdiction to consider Petitioner's habeas petition. The undersigned further **FINDS** that the petition is time-barred. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding district judge **DENY** the petition and **DISMISS** this action with prejudice.

### III.　**Proposal and Recommendations**

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, (ECF No. 8); Petitioner's petition be **DENIED** as a second, successive and unauthorized motion made pursuant to 28 U.S.C. § 2255, (ECF No. 1); and that this action be **DISMISSED**, with prejudice, and **REMOVED** from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** July 8, 2019

Cheryl A. Eifert
United States Magistrate Judge